IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUGO ORTIZ,

    Plaintiff,               No. 2:08-cv-0054-JAM-JFM (PC)

    vs.

JAMES E. TILTON, et al.,

    Defendants.          FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On November 13, 2008, defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). On May 30, 2008, the court advised plaintiff of the requirements for filing an opposition to a motion pursuant to Fed. R. Civ. P. 12(c) and that failure to oppose such a motion might be deemed a waiver of opposition to the motion.

        On November 18, 2008, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days. In the same order, plaintiff was informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b). The thirty day period has now expired and plaintiff has not responded to the court's order.

/////

1

1   "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss
2   an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,
3   1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a
4   court order the district court must weigh five factors including:  '(1) the public's interest in
5   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
6   prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
7   and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting
8   Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46
9   F.3d 52, 53 (9th Cir. 1995).

10   In determining to recommend that this action be dismissed, the court has
11   considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly
12   support dismissal of this action.  The action has been pending for one year.  Plaintiff's failure to
13   comply with the Local Rules and the court's November 18, 2008 order suggests that he has
14   abandoned this action and that further time spent by the court thereon will consume scarce
15   judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

16   The fifth factor also favors dismissal.  The court has advised plaintiff of the
17   requirements under the Local Rules and granted ample additional time to oppose the pending
18   motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.

19   Under the circumstances of this case, the third factor, prejudice to defendants
20   from plaintiff's failure to oppose the motion, should be given little weight.  Plaintiff's failure to
21   oppose the motion does not put defendants at any disadvantage in this action.  See Ferdik, 963
22   F.2d at 1262.  Indeed, defendants would only be "disadvantaged" by a decision by the court to
23   continue an action plaintiff has abandoned.  The fourth factor, public policy favoring disposition
24   of cases on their merits, weighs against dismissal of this action as a sanction.  However, for the
25   reasons set forth supra, the first, second, and fifth factors strongly support dismissal and the third
26   factor does not mitigate against it.  Under the circumstances of this case, those factors outweigh

1 the general public policy favoring disposition of cases on their merits.  See Ferdik, 963 F.2d at
2 1263.
3         For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be
4 dismissed pursuant to Federal Rule of Civil Procedure 41(b).
5         These findings and recommendations are submitted to the United States District
6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
7 days after being served with these findings and recommendations, any party may file written
8 objections with the court and serve a copy on all parties.  Such a document should be captioned
9 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised
10 that failure to file objections within the specified time may waive the right to appeal the District
11 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
12 DATED: January 13, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12
orti0054.46fr

3